Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Sarah Velasco, #255873, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266- 5580
13trustee@oak13.com

# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| In re | | |
|---|---|---|
| Silpa C Pakanati | | Chapter 13 Case No. 23-41405-WJL13 |
| Debtors | | |

| **Plan Objection Information** |
|---|

Chapter 13 Trustee ("Trustee") Objects To: Chapter 13 Plan
Filed: November 27, 2023
Docket#: 18

| **Motion To Dismiss Information** |
|---|

☑ Trustee Seeks To Dismiss or Convert the Case
Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.

(See II. Motion To Dismiss Below)

| **Case Information** |
|---|

Petition Filed: October 26, 2023        Attorney Name: PRO PER

|I. Objection|
|---|

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

|(A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326|
|---|

☑ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts: The Debtor has not provided 60 days worth of payment advices as required by Section 521 of the Bankruptcy Code. If the debtor does not receive payment advices then a statement outlining this must be provided. Schedule I number 1 fails to include the employment status for the non-filing spouse, fails to disclose income and deductions for the non-filing spouse and fails to provide the attachment for line 8a for the rental income/expense.

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☑ (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts: The net income on schedule J line 23c has negative excess income which will not fund a plan.

☐ (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐ (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐ (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims. [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☑ (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts: The Debtor has filed a blank plan with no plan payments and has not completed the Schedules correctly. It appears that the Debtor is trying to avoid paying the secured claims. In addition the debtor has failed to provide the tax returns and payment adivces as required by Section 521 of the Bankruptcy Code. Chapter 13 requires that there be a purpose and that the debtor propose plan payments to be made. The case and plan were filed in bad faith.

☐ (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐ (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☐ (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts:

☑ **(15(a)) Other:** The Plan Must Be Served

Facts: This case was filed as a skeleton petition and the plan was not included in the Notice of Commencement of Case. The Local Rules require that the debtor serve the plan on all Creditors with 28-days Notice and Opportunity to Object. Service has not been done.

☐ (15(b)) Other:

Facts:

## (B) Local Rules and General Orders

☐ (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

Facts:

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☐ (18) The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts:

☐ (19) Other:

Facts:

## II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐ (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.
Facts:

☑ (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts: The Debtor has not filed the pro per declaration nor was the pro per page of the petition filed. Schedule A/B #1.1 - 1.3 fails to list who else has an interest in the property. The debtor listed their value as half the value of the proprty. California is a community property state, if the other half of the property is owned with the spouse then the entire value should be listed. Numbers 3.1 & 3.2 as to the vehicles lsits the value owned by the debtor is half and fails to list who owns the other half. If the non-filing spouse owns with the debtor the entire value should be listed. Question 4, 17 and 20 were left unanswered. Number 6, 7, 11 and 12 fails to list the descriptions of the items listed in these numbers. Schedule D numbers 2.1 -2.3 lists no creditor but checks the box indicating it is a community debt and the lien is a statutory lien. The Debtor must disclose the creditor and collateral description. Schedule E/F lists Rubicon Mortgage Fund, IRS and Chase Mortgages. These appear to be secured based on the value of the property and should be listed on Schedule D. Schedule G is missing the name for the tenant lease agreements, however unless the debtor is leasee this should be blank. Schedule J numbers 12 and 15 are not complete for transportation expenses and vehicle insurance.

☑ (6) Other cause: The Plan is Incomplete

Facts: Sections 1.1-1.3, 2.2, 2.3, 4, 5 Class 1 - 7,8, 10 & 14 are not completed. The languange in all sections about determining the validity of the Proofs of Claims should be removed. Pursuant to the Bankruptcy Code Proofs of Claim are deemed valid unless an objection to claim is filed and ruled on by the Court.

### III. Trustee's Recommendation/Analysis

☑ The current plan is not confirmable and an amended plan will be required to be filed.

☑ No confirmable plan can be filed based on the facts of this case.

☐ Other:

***Note: If you have questions, please contact Carolina Urbina by email at curbina@oak13.com.

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☑   That the Debtor's case be dismissed or converted.

Such other and further relief as the court deems proper.

Date: November 29, 2023                                     /s/ Trustee Martha G. Bronitsky
                                                            Trustee Martha G. Bronitsky
                                                            Chapter 13 Standing Trustee

## Certificate of Service

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 29, 2023                    /s/ Eliemary De Guzman
                                           Eliemary De Guzman

Silpa C Pakanati                           Pro Per
1853 Via Di Salerno
Pleasanton, CA 94566                       (Counsel for Debtor)

Debtor