

The following constitutes the order of the Court.
Signed: December 27, 2023

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| In re<br><br>Silpa C Pakanati,<br><br>     Debtor. | Case No. 23-41405 WJL<br><br>Chapter 13 |

### ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION

On October 26, 2023, pro se Debtor Silpa C Pakanati ("Debtor") filed a Chapter 13 Voluntary Petition. (Dkt. #1). On November 30, 2023, Creditor Rubicon Mortgage Fund, LLC ("RMF") filed, and properly noticed, a Motion for Relief from the Automatic Stay (*see* dkts. #27, #28, #29), which RMF later amended on December 19, 2023 (collectively "Motion for Relief"), to permit it to complete its foreclosure under the Deed of Trust pertaining to the real property located at 1853 Via Di Salerno, Pleasanton, CA 94566 (the "Property"). (Dkt. #41). On December 20, 2023, the Court held a hearing on RMF's Motion for Relief. Both Debtor and RMF appeared by Zoom. While Debtor had not filed any opposition prior to the hearing, the Court permitted her to present her arguments orally. For the reasons stated on the record, the Court granted RMF's Motion for Relief and lifted the automatic stay with a waiver of the 14-day stay.

In what appears to be an attempt to take a second bite at the apple, Debtor filed an Emergency Motion for Reconsideration ("Motion for Reconsideration," dkt. #45) which is supported by her contemporaneously filed Opposition (the "Opposition"). (Dkt. #44). Debtor moves the Court to reverse its ruling on RMF's Motion for Relief but fails to articulate any rational basis for doing so. Debtor's Opposition asserts arguments that are irrelevant to the issues raised in RMF's Motion for Relief, which the Court granted for good cause. For example, without legal and factual support, Debtor challenges the applicability of the Bankruptcy Code to the issues raised in the Motion for Relief, arguing for instance that based on "information obtained from the Internet regarding the territorial application [of] Title 11. . ." the Bankruptcy Code "cannot be lawfully or legally applied in California." (Dkt. #44, at 2-3). On December 21, 2023, RMF filed an Objection to Debtor's Motion for Reconsideration, arguing that the motion is premature under Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 9023, and is "nonsensical, does not apply to the facts of this case, and appears to be taken from a form related to other unrelated matters." (Dkt. #48 at 2).

Upon due consideration of the parties' submissions, the governing law, and the balance of the record, the Court HEREBY ORDERS that the Opposition is irrelevant to any issue before the Court and the Motion for Reconsideration is DENIED.

**\*\*END OF ORDER\*\***

## COURT SERVICE LIST

**Silpa C Pakanati**

1853 Via Di Salerno

Pleasanton, CA 94566

Case: 23-41405    Doc# 50    Filed: 12/27/23    Entered: 12/27/23 15:21:11    Page 3 of 3